**Robert Clifton MOUNTJOY, Petitioner,**

v.

**Harold R. SWENSON, Warden, Missouri State Penitentiary, Jefferson City, Missouri, Respondent.**

**Civ. A. No. 1296.**

United States District Court
W. D. Missouri, C. D.

Nov. 19, 1969.

———◇———

Robert G. Duncan, for Pierce & Duncan, Kansas City, Mo., for petitioner.

John C. Danforth, Atty. Gen., Jefferson City, Mo., for respondent.

**ORDER DENYING PETITION FOR HABEAS CORPUS WITHOUT PREJUDICE**

BECKER, Chief Judge.

Petitioner, a state convict serving a sentence of 15 years for first degree robbery in the Missouri State Penitentiary, seeks by this petition for federal habeas corpus to secure an adjudication that his conviction was secured in violation of his federal rights.

Petitioner states that he was charged with robbery in the first degree in the Circuit Court of Jackson County; that he plead guilty to that charge before the Honorable Tom J. Stubbs, Judge of Division 5 of that Court; that he was, subsequently, on November 15, 1961, sentenced to 15 years' imprisonment; that he was represented by counsel at his plea of guilty; that he did not appeal from the judgment of conviction or the imposition of sentence because Mis-

souri procedure did not provide for appeal from a guilty plea; that he filed postconviction motions under Missouri Criminal Rules 27.25 and 27.26, V.A.M.R., asking for withdrawal of the plea of guilty and to vacate, set aside or correct the conviction and sentence by those respective motions; that both motions were overruled and denied by the trial court on October 18, 1966, after a plenary hearing thereon; that the judgment overruling and denying said motions was appealed and was subsequently affirmed by the Supreme Court of Missouri on November 13, 1967 (State v. Mountjoy, Mo., 420 S.W.2d 316); and that thereby his available state remedies were exhausted.

Petitioner states as grounds for the allegation that he is being held unlawfully, that there was at his plea of guilty:

"(a) Denial of due process under the XIV Amendment in that my plea of guilty was entered because of promises and because I was under a misapprehension that I would receive only a sentence of five years (sic) imprisonment.

"(b) Denial of due process under the XIV Amendment in that my plea of guilty was entered and received by the trial court without a proper inquiry as to the voluntariness of my plea, and had such an inquiry been made I would not have plead guilty."

The facts which petitioner states to support his contentions are that upon commencement of his trial his trial attorneys insisted that he had no defense and therefore petitioner plead guilty; that petitioner advised the court that he did not want to be represented by his attorney, but that the court insisted that petitioner either plead guilty or go to trial; that the court was angry with petitioner at the time of his plea; that petitioner's attorney told him that if he plead guilty, the court had indicated that he would receive a sentence of five years' imprisonment and that the prosecuting attorney would recommend such a sentence; that, in view of these considerations, he changed his plea to guilty; that, prior to accepting his plea of guilty, the court only inquired whether petitioner wanted to change his plea to guilty and whether he knew that he had a right to a jury trial; and that no inquiry was made whether his plea was induced by threats or promises.

■ The official records of petitioner's appeal to the Missouri Supreme Court from the overruling and denying of petitioner's 27.25 and 27.26 motions to withdraw guilty plea and to vacate sentence (State v. Mountjoy, *supra*) reveal that a hearing was held on his 27.25 and 27.26 motions in the state trial court. When such a plenary hearing was held, this Court may rely upon the state trial court's findings of fact if they are reliably and specifically made. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770; Noble v. Swenson (W.D.Mo.) 285 F.Supp. 385; Goodwin v. Swenson (W.D.Mo.) 287 F.Supp. 166, 167. As the Supreme Court of Missouri noted, the trial court specifically found after a hearing that:

"* * * (2) there was 'no collusion or agreement between counsel for defendant and counsel for the State either prior to or at the time defendant entered his plea of guilty and was sentenced by the court;' (3) at no time was defendant under duress and led to believe by counsel for the state or counsel for the defendant that if he would enter a plea of guilty, because of his youth and because he had no felony record he would receive a five year sentence; (4) defendant was not led to believe by his counsel that he had no defense and there were no mitigating circumstances surrounding such offense." State v. Mountjoy, 420 S.W.2d at 322.

As is shown by the transcript of the original proceedings, supplied by respondent in response to the show cause order of October 22, 1968, the findings were reliably made after hearing the testimo-

ny of Earl Schrader and Lawrence Schrader, petitioner's defense counsel, of Lawrence Gepford, prosecuting attorney, and that of petitioner, his mother and his two sisters. All three counsel denied that any promise of a five-year sentence was made by the judge or prosecutor, or that any of them spoke of such promise to petitioner. In the response, which was filed November 8, 1968, respondent also contended that the trial court originally:

"* * * did not accept the guilty plea summarily, but acted after conversation with and observation of [petitioner], which placed the court in a position to make an assessment of his demeanor and voluntariness;"

and that thereby, current federal standards, as enunciated, e. g., in United States v. Rizzo (C.A.7) 362 F.2d 97, 99, were satisfied.

On December 5, 1968, this Court entered an order expressly inviting the petitioner to file a traverse to respondent's response, in which traverse petitioner should admit or deny the averments of the said response. Petitioner's traverse was accordingly filed herein on December 16, 1968. The filing was permitted out of time by this Court. In the traverse petitioner admitted that the same allegations made by him in this case were the subjects of adverse rulings by the Missouri Supreme Court on the 27.-26 appeal. Petitioner then restated his contentions that his counsel insisted on his pleading guilty as the trial began; that the court refused to let counsel withdraw when petitioner expressed his wish not to be represented by him; that the trial court told petitioner he would be lenient with petitioner if he plead guilty; that petitioner's counsel informed the court that petitioner had threatened to "raise a ruckus" in the court; and that:

"thereafter a conference was had and that the defense counsel did then inform the Court that the defendant desired to change his plea of guilty (sic), that his plea of guilty was ac-

cepted and a presentence investigation was ordered and at the time of the sentencing the Court sentenced the defendant to 15 years imprisonment and that upon being so sentenced, the defendant immediately informed the Court that his own attorney and the prosecution had told him he would receive five years if he would plead guilty."

Petitioner further asserted that the evidence adduced in the 27.26 hearing in the state trial court showed that the plea was not voluntarily made; further, that the Court accepted his plea of guilty without interrogating him beforehand with respect to its voluntariness; that, before excusing the jury, the trial judge told them that the defendant had committed "vicious crimes" and was "as vicious a criminal as we have had in this Courtroom"; that, as petitioner testified in the 27.26 hearing, his counsel told him that he would receive fifty years if he plead not guilty, but only five years if he plead guilty; and that "there was further evidence adduced that plea bargaining had been made with the petitioner's co-defendant."

Petitioner did not contest the truth or accuracy of the records and transcript and, in fact, based his legal contentions upon statements and testimony contained therein. On this contention the crucial averment of petitioner's traverse was that:

"The testimony [at the 27.26 evidentiary hearing in the state trial court] further revealed that the defendant's attorney testified he may have told the defendant that the prosecutor would recommend five years and the prosecuting attorney testified he might have at one time agreed to recommend a five-year sentence."

The stenographic record of that hearing, however, conclusively shows at pages 64 and 65 thereof that petitioner's attorney testified that, about a month before the trial, he had recommended to petitioner that he plead guilty and told petitioner that the prosecuting attorney's office

would make a recommendation. Petitioner's attorney testified, however, that he was not sure the number of years that he told petitioner the prosecutor would recommend, though five years was possible. At page 72, the testimony of the prosecuting attorney was that an "agreement to recommend" could have been made before the trial date, but that he did not remember it and that he was certain that on the day of the trial he told petitioner's attorney that the prosecutor's office would make no recommendation to the Court. The uncontested record further shows conclusively at page 72 that no recommendation was subsequently made by the prosecutor.

Because there were claims of failure to apply current federal standards, however, this Court, by its order entered herein on May 27, 1969, directed that counsel for petitioner and counsel for respondent confer for the purpose of stipulating facts and delineating issues for trial in accordance with the *Cortez* procedure, which is outlined in 32 F.R.D. 391. Thereafter, counsel for petitioner notified the Court that petitioner did not desire an evidentiary hearing and did not deem one necessary. To the end of submitting the cause on the state record, therefore, the parties stipulated in respect of the facts and submitted briefs on the questions of law posed by the pleadings herein.

■■■ On the question of the guilty plea, *federal standards regarding waiver of constitutional rights are applicable.* A guilty plea is in many respects tantamount to the waiver of a jury trial, which is guaranteed by the federal constitution. "The classic definition of waiver enunciated in Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 [1466, 146 A.L.R. 357]—'an intentional relinquishment or abandonment of a known right or privilege'—furnishes the controlling standard." Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed. 2d 837, 869. The burden of producing evidence to prove relinquishment is on the prosecution. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70.

After the plenary evidentiary hearing on the 27.26 motion, the trial court specifically and reliably found that there had been no fraud or collusion to induce an involuntary plea of guilty. The postconviction hearing described above satisfied the requirement of Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, 1 A.L.R.3d 1205, that there be a reliable nonjury preliminary or postconviction determination of the issue of voluntariness, "a determination uninfluenced by the truth or falsity of the confession" by procedures "fully adequate to insure a reliable and clear-cut determination, including the resolution of disputed facts upon which the voluntariness issue may depend." 378 U.S. at 391, 84 S.Ct. at 1788, 12 L.Ed.2d at 924. Such a full and adequate hearing was held in this case in which all federally protected rights were accorded to petitioner, including the right to offer witnesses and other evidence in his own behalf and the right to confront and cross-examine adverse witnesses. On the testimony given at the hearing, both the trial court and the state supreme court could properly conclude, as they did, that the state met its burden of producing evidence to prove the voluntariness of the plea of guilty and waiver of jury trial. In their findings, the state courts enunciated federal standards, insofar as they found that the petitioner knew and understood what was being done and that any circumstances of force, fraud, mistake, misapprehension, fear, inadvertence or ignorance of rights or consequences of plea were absent. Fay v. Noia, *supra*; Johnson v. Zerbst, *supra*; Jackson v. Denno, *supra*; Crawn v. United States (M.D.Pa.) 254 F.Supp. 669; United States v. Komitor (C.A.2) 392 F.2d 520; United States v. Ptomey (C.A.3) 366 F. 2d 759; United States v. Colonna (C.A. 3) 142 F.2d 210. As the Missouri Supreme Court noted in State v. Mountjoy, *supra*, the trial court specifically found at the conclusion of the 27.26 hearing that there had been no collusion between counsel for defendant and the prosecuting attorney; that at no time had de-

fendant been placed under duress and led to believe that he would receive a five-year sentence upon pleading guilty; and that counsel for defendant did not lead defendant to believe that he had no defense and that there were "no mitigating circumstances surrounding [the charged] offense." Those findings are set out in the transcript which is before this Court. The finding of voluntariness by the trial court on the 27.26 motion was thereby made in accordance with the standards enunciated in Jackson v. Denno, *supra*, and Sims v. Georgia, 389 U.S. 404, 88 S.Ct. 523, 19 L.Ed. 2d 634, because voluntariness was thus clearly and reliably found by both the trial court and the Missouri Supreme Court. Federal standards were enunciated and correctly applied to the reliably found facts in concluding that petitioner's plea of guilty was voluntary. In his brief, petitioner asserts that the finding of the trial court that petitioner's attorney did not tell petitioner that he had no defense is not justified by the record. Petitioner argues:

> "The state courts also found that Schrader had not told the Petitioner that he had no defense, yet at Page 3 of its opinion the Supreme Court recites that Schrader, in the presence of the Petitioner and the trial court, stated that, 'it is my feeling now that the only defense which he has consists in presenting witnesses \* \* \* from his family' (Tr. 16), for sympathy (Page 8 of the opinion)."

Neither the counsel for defendant, however, nor the Missouri courts indicated that the only defense was sympathy. The above reference to page 8 of the opinion is to the Missouri Supreme Court's quotation of petitioner's testimony that he was told by his counsel that the "defense" was "sympathy strategy." The transcript makes it clear, however, that counsel for petitioner stated that he had a "defense" by way of these witnesses and that he intended to put them on the stand. (Tr. 16) The findings of the Missouri courts in that respect were reliable.

With regard to petitioner's second ground of contention, that insufficient inquiry with regard to the voluntariness of his plea was made by the court previous to the plea, the fact that the following colloquy was had is reflected by the transcript of trial and uncontroverted by any other fact of record:

> "Thereafter in the courtroom, but out of hearing of the jury panel, counsel for defendant advised the court that he had 'just been advised that at this time the defendant wishes to withdraw his plea of not guilty to this charge and enter a plea of guilty.' The record then shows the following:
>
> "The Court: Is that true, Mr. Mountjoy?
>
> "Mr. Robert Clifton Mountjoy: Yes.
>
> "The Court: You realize of course that you are entitled to a jury trial.
>
> "Mr. Mountjoy: Yes.
>
> "The Court: And if found guilty by a jury the punishment imposed might be more or less or the same that this Court might impose, you understand that.
>
> "Mr. Mountjoy: Yes.
>
> "The Court: You are asking that I accept your plea of guilty because you are guilty, is that correct?
>
> "Mr. Mountjoy: Yes." State v. Mountjoy, Mo., 420 S.W.2d at page 319.

On this basis, the trial court found at the hearing on the postconviction motions that, with the other evidence adduced therein, the plea of guilty was made freely, intelligently and voluntarily. The Missouri Supreme Court noted that the trial court's inquiry preceding acceptance of the plea did not comply with all aspects of Missouri Criminal Rule 25.04, which contemplates inquiry whether defendant's counsel had explained matters to him, whether the defendant admitted facts contained in the state's version of the charge, and whether defendant understood the range of possible punishment. That court affirmed, however, noting that the defendant had not met his burden of proof (in

the primary meaning of risk of nonpersuasion)[1] by proving by a preponderance of the evidence that the plea was in fact involuntary or made without an understanding of the nature of the charge. No injustice was therefore done to require the vacation of the judgment and sentence sought by the postconviction motions. State v. Mountjoy, *supra.* The trial judge reached that conclusion by an appropriate means in this case and thus reliably concluded on the record as a whole that the plea was voluntary. Petitioner cites McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418, and Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L. Ed.2d 274, in support of his contention that a proper inquiry into voluntariness was not made. *McCarthy,* however, does not apply to this case because it is not retroactive in its application. Petitioner's sentencing preceded the McCarthy decision by nearly 8 years. See Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16. Assuming that *Boykin* is applicable to petitioner's case (which is not certain in view of the *Halliday* decision), its standards are satisfied here by the record of the trial court's interrogation of petitioner prior to acceptance of his guilty plea and the evidence of voluntariness adduced by the prosecution in the postconviction hearing in the state trial court. In *Boykin* and *McCarthy,* the Supreme Court of the United States held that a guilty plea constituted a waiver of several constitutional rights: of a jury trial, of the right to confront and cross-examine the witnesses against the accused, and of the right against self-incrimination. The Supreme Court therefore held in *Boykin* that:

"Admissibility of a confession must be based on a 'reliable determination on the voluntariness issue which satisfies the constitutional rights of the defendant.' Jackson v. Denno, 378 U.S. 368, 387, 84 S.Ct. 1774, 1786, 12 L. Ed.2d 908. The requirement that the prosecution spread on the record the prerequisites of a valid waiver is no constitutional innovation. In Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70, we dealt with a problem of waiver of the right to counsel, a Sixth Amendment right. We held: 'Presuming waiver from a silent *record is impermissible. The record must show, or there must be an allegation and evidence which show,* that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." 89 S.Ct. at 1712. (emphasis added)

Therefore, in sustaining its burden of producing evidence to prove voluntariness, including knowledge of the rights waived, and the uncoerced nature of a guilty plea, the prosecution is, in *proceedings collaterally attacking the conviction,* not limited to the record of inquiry made by the state trial judge in accepting the plea. As pointed out by the reliance on Carnley v. Cochran, *supra,* additional evidence can also be re-

---

1. Rule 27.26(f), Mo.R.Crim.P., imposes the burden of proof on the movant convict to prove by a preponderance of the evidence his right to relief. This burden of proof "is the risk of non-persuasion, the primary sense of the words, 'burden of proof.'" IX Wigmore on Evidence (3rd ed.) § 2485, pp. 270, 271. On the other hand, when it appears by proof that the movant was not accorded a fundamental federal right, the burden of proof in the secondary sense, namely the burden of producing evidence to show the waiver affrmatively, shifts to the state, Mosley v. Dutton (C.A.5), 367 F.2d 913. The failure of the state to pro-

duce evidence of waiver would require a finding in favor of petitioner on this issue. When such an affirmative waiver is shown, the burden of proof (in the primary sense) that the waiver was not understandingly and intelligently made remains upon the convict movant. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70; cf. United States ex rel. Chambers v. Maroney (C.A.3) 408 F.2d 1186; Rimanich v. United States (C.A.5) 357 F.2d 537; Lane v. United States (C.A.5) 373 F.2d 570; Pedicord v. Swenson (W.D.Mo.), Part III, 304 F.Supp. 393.

lied on in these postconviction proceedings to show that the petitioner "understands the nature of the charge against him and whether he is aware of the consequences of his plea." 89 S.Ct. at 1170. In the case at bar, the record and the evidence adduced in the postconviction hearing show that petitioner knew the nature of the charge against him, and that he was adequately represented by his counsel who had informed him of the consequences of a plea of guilty. Petitioner himself testified that he was aware that the offense of first degree robbery, with which he was charged, carried a possible maximum penalty of death. The facts show compliance by the state courts with the federal standards applicable to this case (including the *Boykin* case, assuming it to be apposite). The facts of this case are not similar to those involved in the recent decision of this Court in Pedicord v. Swenson (W.D.Mo.) 304 F.Supp. 393.

In his brief, petitioner points out that the evidence adduced in the postconviction hearing in the state trial court showed that (1) petitioner wished to terminate his counsel's employment as his attorney, but was prevented from doing so by the trial court; (2) petitioner's co-defendant went free as a result of plea bargaining; (3) petitioner stated immediately upon his being sentenced that he had been promised a sentence of 5 years' imprisonment; (4) that defendant's attorney's testimony that the court had indicated it would give consideration to petitioner's youth and lack of a previous record "indicates that Schrader had discussed sentencing with the court"; (5) a plea bargain agreement had been entered into between the prosecutor and the co-defendant, and the petitioner knew it prior to trial; and (6) the trial judge considered in sentencing petitioner a crime of which petitioner was only accused and never convicted. Petitioner concludes that all of this evidence compels the conclusion that the guilty plea was involuntarily made after a promise of 5 years' imprisonment. But the conclusion is not compelled when the testimony of petitioner's counsel, his brother, and the prosecutor was that no such agreement was in existence at the time the plea was made. Petitioner states that the weight accorded to the testimony of petitioner's counsel should take into account his interest in the proceedings. But this Court should not assume the lack of credibility of the state's witnesses, particularly when petitioner has foregone the opportunity for an evidentiary hearing on the petition in this case, after such a hearing was offered by this Court.

For the foregoing reasons it is concluded that the state courts reliably found the facts and correct legal standards were applied. The facts demonstrate that current applicable federal standards were followed in determining the voluntariness and knowingness of the petitioner's plea of guilty.

For the foregoing reasons, it is

Ordered that the petitioner herein for habeas corpus be, and it is hereby, denied.