485 F.2d 183
 Robert H. TURNER, Jr., Appellant,
v.
Lloyd E. HAYNES, Warden of the Huttonsville Correctional
Center, Appellee.
Tony W. SITES, Appellant,
v.
Lloyd E. HAYNES, Warden of the Huttonsville Correctional
Center, Appellee.
 Nos. 71-2004, 72-1169.
 United States Court of Appeals,
Fourth Circuit.
 Argued July 17, 1973.
Decided Oct. 15, 1973.
 
 Manton M. Grier, Columbia, S. C. [Court-appointed counsel] (Boyd, Knowlton, Tate & Finlay, Columbia, S. C., on brief), for appellants.
 Richard E. Hardison, Deputy Atty. Gen. of W. Va. (Chauncey H. Browning, Jr., Atty. Gen. of W. Va., E. Leslie Hoffman, III, Asst. Atty. Gen. of W. Va., David P. Cleek, Sp. Asst. Atty. Gen. of W. Va., on brief), for appellee.
 Before CRAVEN, BUTZNER and RUSSELL, Circuit Judges.
 PER CURIAM:
 
 
 1
 State prisoners Robert Turner and Tony Sites appeal from an order of the United States District Court for the Northern District of West Virgina denying their petitions for writs of habeas corpus. These codefendants claim that the state trial court, in accepting their guilty pleas, failed to build an adequate record to show that the pleas were voluntarily entered-i. e., that they knew the specific crime to which they pleaded guilty and the maximum sentence they might receive. We consolidated the two cases for purposes of this appeal.
 
 
 2
 Appellants were jointly indicted for three separate offenses: burglary in the nighttime, burglary in the daytime, and grand larceny. Nighttime burglary is punishable by imprisonment for an indeterminate term of 1-15 years, while daytime burglary and grand larceny are punishable by 1-10 year sentences. In June 1970, Turner and Sites entered pleas of not guilty to all three charges. On September 29, 1970, they changed their pleas to guilty on the charge of burglary in the nighttime, and the other two charges apparently were dismissed.
 
 
 3
 After exhausting state post-conviction remedies, both men filed habeas petitions in federal district court. After considering the petitions and the respondent's answers, the district judge convened a joint plenary hearing. In Turner's case, the record shows that in open court Turner pleaded guilty to an indictment "involving the dwelling-house of one Luke Crossland, wherein various items were alleged to have been taken." It was thus apparent that Turner knew to which indictment he was pleading. The evidence at the plenary hearing indicates that Turner met with his attorney approximately six times, and that his attorney had explained the indictment, possible length of sentences, and the anticipated effect of his change of plea. Turner expressly stated that his decision to plead guilty was based on the other charges being dropped, which promise was kept.
 
 
 4
 Sites testified that he had "2 or 3 or 4" conferences with his attorney, and his attorney testified that he had discussed the entire case with Sites. Sites also testified that only one indictment was read to him.
 
 
 5
 Based upon this evidence, the district judge concluded "that the plea[s] of the petitioner[s] [were] voluntary, that the state court proceeding surrounding the acceptance of the plea[s] reached a level of fundamental fairness and was proper, that the petitioner[s] failed to carry the burden of proof or establish any constitutional deprivation on any of the grounds presented . . . ." The record of the arraignment, supplemented by the record of the plenary hearing conducted in district court, presents ample evidence upon which the district judge could find that both Turner and Sites entered their guilty pleas knowingly and intelligently. Although there is some conflicting evidence, we do not think the district court's findings are clearly erroneous.
 
 
 6
 Affirmed.