STATE of Iowa, Appellee,

v.

Arthur Daniel REPPERT, Appellant.

Nos. 54978–54980.

Supreme Court of Iowa.

Feb. 20, 1974.

Dailey, Dailey, Ruther & Bauer, Burlington, for appellant.

Richard C. Turner, Atty. Gen., Darby Maria Coriden, Asst. Atty. Gen., Steven Hoth, County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, REES, UHLENHOPP and HARRIS, JJ.

MASON, Justice.

This appeal by defendant, Arthur Daniel Reppert, stems from his conviction of three offenses involving possession of marijuana for personal use and possession and sale of hallucinogenic drugs contrary to chapters 204 and 204A, The Code, 1971.

Originally, defendant had been charged by county attorney's information in what was designated as cause 6650 in the Des Moines County District Court with the sale of narcotic drugs to a minor on January 27, 1971. He was also charged with the same offense alleged to have been committed January 29, 1971, in cause 6649. In cause 6648 defendant was charged with possession of marijuana for sale on January 27, 1971. Later, cause 6648 was amended to charge possession of marijuana for personal use and two additional charges were filed. They were cause 6660 in which he was charged with selling hallucinogenic drugs to a minor and cause 6661 charging possession of hallucinogenic drugs.

Later, causes 6649 and 6650 originally filed were dismissed.

March 10, 1971, defendant tendered pleas of guilty to causes 6648 as amended and 6660 and 6661. In each case defendant was represented by court-appointed counsel and a record made of the proceedings leading to defendant's pleas.

The cases were continued for sentencing until a presentence investigation requested by the court had been made available both to the court and counsel. Defendant appeared in court with his counsel April 8, the time fixed for sentencing on the three charges. A record was made of these proceedings. Defendant's counsel advised the court he had gone over the presentence report with defendant.

Cause 6660 in which defendant was charged with selling hallucinogenic drugs to a minor as defined in sections 204A.3 and 204A.11, The Code, was first considered. Defendant was then permitted to make a record in connection with his request for probation which is before us. Examination discloses a detailed statement by defendant's counsel regarding the presentence investigation and plaintiff's application for probation. There is also the testimony of defendant in response to examination by his own counsel, the prosecu-

tor and the court as well as defendant's explanation of facts appearing in the report.

Defendant was convicted upon his plea of guilty and was sentenced to the state penitentiary not to exceed five years. Section 204A.11. Appeal bond was fixed and defendant was advised in detail of his right to appeal.

Cause 6661 charging possession of hallucinogenic drugs was next considered. The court inquired of defendant personally if there was anything he wished to say to the court before sentence was imposed on the cause then being considered. Defendant replied, "Only that I don't use them [hallucinogenic drugs]." When asked if there was any reason why sentence should not be imposed defendant replied, "Nope." The court then sentenced defendant to the state penitentiary for not to exceed one year pursuant to sections 204A.3 and 204A.10. The sentence imposed in 6661 was ordered to run concurrently with that imposed in 6660. The court explained to defendant that this meant he would be serving both sentences at the same time rather than one after the other.

Cause 6648 charging possession of marijuana for personal use was the last considered. The court again asked defendant if he had anything to say in connection with the matter before sentence was imposed. Defendant replied, "No Sir." He was then asked if he knew of any reason why sentence should not be imposed in the matter. He replied, "No Sir."

The court then sentenced defendant under the provisions of section 204.20(5) to a period of six months to be served at the state penitentiary concurrently with the sentences imposed in causes 6660 and 6661. Defendant was then advised again in detail of his right to appeal both judgments.

The court then inquired, "Now, gentlemen, have I overlooked anything in connection with these matters?". No one responded. The court then made inquiry of defendant if he had any comment about

the services rendered him by his court-appointed counsel who was a former county attorney in Des Moines County. The defendant replied, "No Sir."

The foregoing portions of the record set the stage for consideration of defendant's two assignments of error in which he asserts: (1) trial court erred in accepting the guilty pleas on all three charges because defendant was not properly advised of the consequences of the pleas, or explained the length of the possible sentences or extent of the punishment; and (2) trial court did not properly determine the voluntariness of the pleas nor adequately or properly inquired whether the pleas were induced by promises and persuasion.

The foregoing assignments are urged by defendant in seeking a reversal in each of the three cases involved.

I. A plea of guilty in order to provide the basis for conviction and support a judgment and sentence must be a voluntary and intelligent act done with actual knowledge of the existence and meaning of the constitutional rights involved and with full understanding of the nature of the charge made against him and the direct consequences of the plea. State v. Kellison, 232 Iowa 9, 14, 4 N.W.2d 239, 242; State v. Bastedo, 253 Iowa 103, 111–112, 111 N.W.2d 255, 260; State v. Kulish, 260 Iowa 138, 143, 148 N.W.2d 428, 432; State v. Lampson, 260 Iowa 806, 815–816, 149 N.W.2d 116, 121; Parrott v. Haugh, 158 N.W.2d 766, 770 (Iowa 1968); and State v. Kobrock, 213 N.W.2d 481 (Iowa 1973).

To aid the trial court in making the constitutionally required determination that a guilty plea is truly voluntarily made with understanding of the nature of the charge and the direct consequences of the plea, this court in State v. Sisco, 169 N.W.2d 542, 547–550 (Iowa 1969) adopted certain specified Minimum Standards of the American Bar Association as guidelines. The court announced that although adoption of the standards did not mean a deter-

mination by the trial court in such matters required any ritualistic or rigid formula be fixed upon or followed, a meaningful compliance with those guidelines is required.

II. In light of the foregoing principles we turn to the transcript of the proceedings had March 10, 1971, in the Des Moines County District Court when defendant tendered guilty pleas to the three charges giving rise to this appeal.

The first case considered was cause 6648 in which defendant was originally charged with possession of marijuana for sale. As amended, it charged only possession of marijuana. Defendant's counsel stated it was their understanding the information was being amended to charge an indictable misdemeanor instead of a felony. The court announced this was its understanding.

When the matter proceeded to arraignment defendant through counsel requested permission to withdraw a plea of not guilty entered to the original information and to enter a plea of guilty to the information as amended.

The court addressing its remarks to defendant pursued a line of questioning calculated to determine if defendant understood the effect of the amendment, if his plea was voluntary and whether any one had made any promises, threats or had attempted to coerce defendant into entering a plea of guilty. Defendant replied, "No Sir."

Continuing its inquiry of defendant the court sought to determine if defendant understood his rights to a jury trial, the presumption of his innocence and the extent of the State's burden to prove him guilty of the crime charged beyond a reasonable doubt.

Finally, the court questioned defendant as to whether the charge as amended accusing him of having possession of marijuana for personal use on January 27, 1971, was true. Defendant answered that it was. The court accepted the guilty plea.

Bond was reduced from $5000 as originally fixed to $750 before the court proceeded to the next case.

The next case considered was 6660 in which defendant was charged by information with selling hallucinogenic drugs to a minor contrary to sections 204A.3 and 204A.11.

At arraignment defendant stated he had a copy of the information, was correctly named therein, waived time in which to answer and wished to plead at this point.

When asked how he pled defendant's counsel stated, "His answer is guilty."

The court thereupon advised defendant it had some responsibility to make a number of determinations in connection with his plea and proceeded to ask defendant if it was correct that he wished to enter a plea of guilty. Defendant said he did.

The court followed the foregoing inquiry by asking defendant if his plea was voluntary and if he knew what was meant by "voluntary." In each instance Reppert replied, "Yes Sir."

The court proceeded by asking if any promises or threats had been made to defendant or if any coercion had been used by any one in any way to persuade him to enter a plea of guilty. Defendant's answer was, "No Sir."

As in the previous cause the court advised defendant of his right to a jury trial, the existence of the presumption of his innocence and the duty of the State to prove his guilt beyond a reasonable doubt. In each instance defendant gave a positive answer.

Addressing defendant again, the court asked: "And knowing all of these things, you still wish to enter a plea of guilty to the charge?" The defendant replied, "Yes Sir."

The court referred to the information and asked defendant, after stating in some detail the facts alleged as a basis for the

charge of selling hallucinogenic drugs to a person under 21 years of age, if the facts stated were true. Defendant answered they were. Defendant's guilty plea to the charge was accepted.

There was then a colloquy between the court and counsel as to making an appointment with the probation officer to obtain a presentence report before sentencing.

Finally, 6661 which involved possession of hallucinogenic drugs was reached. Defendant was properly arraigned and when called upon to state his answer to the information, counsel again said, "Guilty." The court went on: "Now, Mr. Reppert, again, this may seem repetitious to you, I suppose, but I have the duty of determining that your plea of guilty is a voluntary plea and that you understand what it is you are doing when you enter a plea of guilty to a criminal charge. I would ask you first you heard Mr. Waples state that you wish to enter a plea of guilty to this charge. Is that correct?" Reppert answered, "Yes, sir." He was next asked if the plea was voluntary. Again Reppert answered, "Yes, Sir." Once again the court made inquiry as to any promises, threats or coercion being involved in the entry of defendant's guilty plea and again Reppert denied the existence of such promises or threats.

At this point the court asked defendant, "Do you understand what the penalties are that the court can impose in connection with this particular charge." Reppert's answer was, "Yes Sir." Defendant was again advised of his right to a jury trial, the presumption of his innocence and the State's burden necessary to establish defendant's guilt. Reppert said he understood.

The court then said, "And knowing all this, you still wish to enter a plea of guilty." Defendant replied, "Yes Sir."

The court announced defendant's plea of guilty to this charge was accepted.

The foregoing facts relative to the proceedings had at the plea stage coupled with the earlier description of the examination conducted at the sentencing stage are a fair summary of the 53-page transcript of those proceedings furnished this court.

III. Defendant's first assignment is predicated on the contention the court erred in accepting the guilty pleas without properly advising defendant of the consequences of a guilty plea, or explaining the length of the possible sentence or the extent of the punishment.

It is said to be "well settled" that a plea of guilty is invalid as not being understandingly entered if the defendant does not know the maximum possible penalty for the offense. Tucker v. United States, 409 F.2d 1291, 1295 (5 Cir. 1969).

The State argues there was substantial and meaningful compliance with the *Sisco* standards; particular emphasis is placed on the discussion between the court and defendant at the sentencing stage.

Before accepting a plea of guilty the trial court is required to address the defendant personally to determine that the guilty plea is made voluntarily with an understanding of the nature of the charge and of the consequences of the plea. This procedure contemplates disputes as to defendant's understanding and the voluntariness of his acts are to be eliminated at the outset. There is no adequate substitute for demonstrating in the record at the time the plea is tendered defendant's understanding of the nature of the charge made against him. State v. Sisco, 169 N.W.2d at 549 and McCarthy v. United States, 394 U.S. 459, 469–470, 89 S.Ct. 1166, 1172–1173, 22 L.Ed.2d 418, 427. See Advisory Committee's Comment relative to the 1966 amendment to rule 11, Federal Rules of Criminal Procedure, Title 18 U.S.C.A., pp. 557–558.

The procedure outlined in *Sisco* is designed to eliminate any need to resort to a later fact finding proceeding in this highly subjective area as to defendant's understanding when he entered plea of guilty. McCarthy v. United States, 394 U.S. at

469–470, 89 S.Ct. at 1172–1173, 22 L.Ed.2d at 427.

■ In regard to the offense of possession of hallucinogenic drugs as charged in cause 6661, the relevant discussion which took place between court and defendant regarding penalties that could be imposed on that particular charge is set out in division II, supra. As noted, Reppert answered that he understood the possible penalties. Defendant's positive assertion he possessed an awareness of the possible penalties made further inquiry along this line by the trial court unnecessary in cause 6661.

■ The question is not whether defendant learned of such penalty from the judge in a formal proceeding but whether he had knowledge as to such matter, whether it was from the judge, his lawyer or from some other source. Tucker v. United States, 409 F.2d at 1295.

■ In regard to the charges of possession of marijuana for personal use (cause 6648) and selling hallucinogenic drugs to a minor (cause 6660), a similar discussion did not take place. The State argues that it may be inferred from the record defendant was informed of the maximum possible sentences. The record shows defendant was informed the possession of marijuana charge was an indictable misdemeanor and not a felony. There is no similar record in regard to the charge of selling hallucinogenic drugs to a minor.

Since *Sisco* it has been held that defendant's attorney may complement the court's inquiry into matters involved in accepting a guilty plea. State v. Sargent, 210 N.W. 2d 656, 659 (Iowa 1973), has this statement:

"The trial court's compliance with the standards approved in Sisco is not a complete substitute for advice of counsel. Its purpose is to complement defendant's right of counsel to insure that defendant's plea meets the formal . requisite for the plea. * * * [citing authorities]."

The transcript shows there was considerable discussion about the voluntariness of the pleas and about defendant's various constitutional rights. There is simply no questioning or advising, however, directly related to the maximum sentences of the charges. Furthermore, defendant was not asked if he had discussed the penalties with his attorney nor did defendant's attorney make a statement for the record that he had advised defendant and that defendant knew the maximum sentence. It is to be noted it is not the lack of ritualistic or rigid formula which is the problem here, but rather the lack of any record at all.

In the present case the statement by defendant's counsel at the sentencing stage was primarily concerned with the new drug law (chapter 204, Uniform Controlled Substances, The Code, 1973), the possibility of defendant being sentenced under its provisions and the matters of bench parole and deferred sentences.

As indicated, defendant was examined at the sentencing stage. However, at no point can an inference be drawn from the record defendant possessed any awareness as to the possible penalties for possession of marijuana for personal use or selling hallucinogenic drugs to a minor.

A good portion of the record at the sentencing stage covers the court's comments about the presentence report and defendant's attitude but at no time was any mention made by the court, the prosecutor, defendant's counsel or defendant as to the range of possible penalties which could be imposed on either 6660 or 6648.

The record at the sentencing stage does not present the factual situation that was before the court in State v. Mehuys, 172 N.W.2d 131 (Iowa 1969).

It is the conclusion of the court that defendant's guilty pleas in causes 6648 and 6660 must be set aside and those cases remanded for another hearing at which defendant may plead anew. See McCarthy v.

United States, 394 U.S. at 468, 89 S.Ct. at 1172, 22 L.Ed.2d at 427.

The defendant's assignment seeking reversal in cause 6661 for the reasons urged is without merit.

■ IV. In view of our holding in division III, supra, it is unnecessary to consider defendant's second assignment of error in causes 6648 and 6660.

In this assignment defendant contends the court did not properly determine the voluntariness of the pleas nor adequately or properly inquire whether the pleas were induced by promises and persuasion. The main argument of defendant in this assignment is directed to the trial court's failure to inquire of the prosecuting attorney and of the defense counsel whether the tendered plea of guilty was the result of prior plea discussions and a plea agreement, and, if it was, what agreement had been reached. It is based on Standard 1.5, "Determining voluntariness of plea" which is set forth and adopted in *Sisco*, 169 N.W.2d at 547–548. It need not be repeated here.

In cause 6661, the only charge remaining for consideration under this assignment, the record at the plea stage shows this exchange between court and defendant:

"THE COURT: And is this voluntary on your part?

"MR. REPPERT: Yes, sir.

"THE COURT: Has anybody made any promises, any threats, or have you been coerced in any way into entering a plea of guilty to the charge?

"MR. REPPERT: No, sir."

In addition to the foregoing colloquy the trial court had made a comprehensive examination of the circumstances under which defendant's plea was tendered.

Reppert does not contend in reference to his second assignment there was any evidence or indication his tendered plea in cause 6661 was a result of improper plea bargaining.

State v. Zacek, 190 N.W.2d 415, 416–417 (Iowa 1971) is relevant to defendant's present contention. In the cited case defendant there contended the court should not have accepted the guilty plea without determining whether or not the plea was tendered as a result of prior discussion or plea bargaining. Essentially admitting the lack of record in that regard this court stated:

"Defendant does not contend in reference to his second brief point there was any evidence or indication his tendered plea was a result of improper plea bargaining.

"The court specifically asked defendant if any person had made any promise of any kind or any threat to him to influence his decision to plead guilty. Defendant personally replied, 'No, Sir.' At no point does he maintain there was any agreement to seek sentence concessions which required court approval or make any claim he had been advised of any possible penalty other than the maximum and minimum."

Defendant seeks by amendment to include as a part of the record his own affidavit signed more than two years after the pronouncement of sentence in these cases. We have read the affidavit and even if we were to consider it as a matter of grace, it would not help defendant in this assignment.

The assignment is without merit as to cause 6661.

We hold defendant's plea of guilty to the offense charged in 6661 entered under the circumstances shown by this record provides an adequate basis for conviction and supports the judgment and sentence imposed against him. See division I, supra.

Affirmed as to the appeal in 6661 and reversed and remanded for further hearing as to causes 6648 and 6660.