STATE OF NEBRASKA, APPELLEE, v. ROBERT ELLIOTT, APPELLANT.

219 N. W. 2d 775

Filed July 5, 1974. No. 39221.

Alan Saltzman, for appellant.

Clarence A. H. Meyer, Attorney General, and Betsy G. Berger, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

This is a post-conviction proceeding. Defendant, appearing with counsel, pled no contest to assault with intent to rob and using a firearm in the commission of an assault with intent to rob. The record fails to affirmatively reflect that the court, in accepting defendant's plea of no contest, complied with the criteria set forth in State v. Turner, 186 Neb. 424, 183 N. W. 2d 763. It is therein stated: "Before accepting a guilty plea a judge is expected to sufficiently examine the defendant to determine whether he understands the nature of the charge, the possible penalty, and the effect of his plea." Such examination is essential to a determination of whether or not a plea is voluntary and intelligently entered.

We do not vacate the plea of no contest and the sentence imposed but remand this cause for an evidentiary hearing on the issue of whether or not the plea was in fact voluntarily and intelligently entered. In Todd v. Lockhart, 490 F. 2d 626 (8th Cir., 1974), it is stated: "Since we believe that as a constitutional matter the question is whether the plea was voluntary and intelligent, we agree with a number of other courts which have held that a state may, in a state post-conviction hearing, McChesney v. Henderson, 482 F. 2d 1101, 1109 (5th Cir. 1973), or in a federal post-conviction hearing, Walker v. Caldwell, 476 F. 2d 213, 215-216 n. 1 (5th Cir. 1973), cure the otherwise defective plea-taking transcript. See also Turner v. Haynes, 485 F. 2d 183, 184 (4th Cir. 1973); Mountjoy v. Swenson, 306 F. Supp. 379, 384-385 (W. D. Mo. 1969); State v. Darling, 109 Ariz. 148, 506 P. 2d 1042, 1046 (1973); Merrill v. State, 206 N. W. 2d 828, 830-831 (S. D. 1973). In so doing we do not return to the pre-Boykin practice of assuming that a defendant represented by counsel has entered a voluntary and intelligent plea. Rather, we hold that once a state prisoner has demonstrated that the plea taking was not conducted in accordance with Boykin, the state may, if it affirmatively proves

in a post-conviction hearing that the plea was voluntary and intelligent, obviate the necessity of vacating the plea."

The record in this case does reflect that defendant was probably fully apprised of the situation he faced and of his rights by his counsel. It may be that defendant, at the time of entering his plea, had the requisite knowledge of all elements essential to an intelligent and voluntary plea. If so, this should be reflected in the record.

The judgment of the District Court in this post conviction proceeding is reversed and the cause remanded for an evidentiary hearing.

REVERSED AND REMANDED.