**Doren S. ADAMS, Appellant,**

v.

**STATE of Iowa, Appellee.**

**No. 60499.**

Supreme Court of Iowa.

Aug. 30, 1978.

William L. Dowell, Burlington, for appellant.

Richard C. Turner, Atty. Gen., and Steven S. Hoth, Des Moines County Atty., for appellee.

LeGRAND, Justice.

Plaintiff Doren S. Adams entered a plea of guilty to a charge of carrying a concealed weapon in violation of § 695.2, The Code. He was given a deferred sentence, which was later revoked, at which time sentence was imposed and probation granted. Probation was also revoked, and plaintiff was then ordered to serve the sentence.

Subsequently he filed a petition for post-conviction relief under § 663A.3, The Code, alleging his guilty plea was accepted in violation of both the federal constitution and the constitution of this state. He relies upon *State v. Sisco*, 169 N.W.2d 542 (Iowa 1969) and *Brainard v. State*, 222 N.W.2d 711 (Iowa 1974) to support this claim.

Although his application failed to specify which of his constitutional rights were violated, he poses the following questions to be resolved on the appeal:

1. Did the trial court make a determination that defendant understood the charge?
2. Did the trial court make a determination that the defendant understood the penal consequences of his plea?
3. Did the trial court make a determination that defendant voluntarily entered his guilty plea?

The Court of Appeals affirmed the trial court, and we granted plaintiff's petition for further review. Plaintiff argues both the trial court and the Court of Appeals reached a result which is contrary to our previous holdings in *Sisco, Brainard* and *State v. Reaves*, 254 N.W.2d 488 (Iowa 1977). We have considered each of his complaints and find, as did the trial court and the Court of Appeals before us, that plaintiff is not entitled to postconviction relief.

We limit our review, of course, to the three issues raised and argued by plaintiff as heretofore set out. It is interesting to note he does not assert a failure to understand the charge; nor does he claim his plea was not in fact voluntary or that he was unaware of the penal consequences. He alleges only that the trial court made no determination of these matters at the time the plea was tendered.

I. *Penal Consequences of Plea.*

One of the requirements to the entry of a valid guilty plea is that the accused

knows the possible sentences which the court may impose. *State v. Brant*, 268 N.W.2d 210 (Iowa filed July 26, 1978); *State v. Rand*, 268 N.W.2d 642 (Iowa filed July 26, 1978); *Brainard v. State*, 222 N.W.2d 711, 713 (Iowa 1974); *State v. Sisco*, 169 N.W.2d 542, 547–48 (Iowa 1969).

This requirement was satisfied in the present case by the trial court's inquiry at the time the guilty plea was accepted. The court asked plaintiff (defendant there) if his attorney had advised him concerning the possible sentences which could be imposed. Plaintiff answered that he had.

The situation is similar to the one we faced in *State v. Reppert*, 215 N.W.2d 302, 307 (Iowa 1974), where we said:

"As noted, Reppert answered [in response to the trial court's inquiry] that he understood the possible penalties. Defendant's positive assertion he possessed an awareness of the possible penalties made further inquiry along this line by the trial court unnecessary. * * *

"The question is not whether defendant learned of such penalty from the judge in a formal proceeding, but whether he had knowledge of such matter, whether it was from the judge, his lawyer or from some other source."

There was no error here.

## II. Voluntariness of Plea.

The same might be said concerning the voluntariness of plaintiff's guilty plea. Again in response to an inquiry, he said his plea was voluntary and was not induced by any threats or promises. However, plaintiff also argues that the trial court did not advise him concerning the nature of the charge. He sets this out as a separate ground for reversal. As this goes to voluntariness, we consider plaintiff's understanding of the charge as it relates to whether the plea was voluntarily entered.

■ We believe the resolution of this question depends on whether testimony at the postconviction hearing may supply deficiencies in the record made at the plea-stage. If so, it is clearly sufficient; if not,

the plea is open to serious question. Plaintiff argues strenuously that we are limited strictly to what appears of record at the time the plea was entered.

The Court of Appeals took a contrary view and considered the postconviction testimony in reaching the conclusion that plaintiff's plea was a valid one. We believe it was permissible to do so.

■ It is imperative, of course, that an accused be aware of the nature of the charge and of the penal consequences at the time he enters his plea. It must also be shown that his plea was voluntary and that there existed a factual basis for it. There has always existed some uncertainty, however, as to how, on appeal, these matters may be shown to have existed at the plea-taking stage.

In *State v. Reppert*, 215 N.W.2d at 307, we noted that the important question is whether the accused possesses the necessary knowledge, not how he got it. In *State v. Reaves*, 254 N.W.2d at 491, we approved a shift away from courtroom formalism to an actual awareness—from whatever source—of the requisites to a valid plea.

The use of extrinsic evidence to supply deficiencies in the plea-stage record has been approved by a number of courts. *Todd v. Lockhart*, 490 F.2d 626, 627 (8th Cir. 1974); *McChesney v. Henderson*, 482 F.2d 1101, 1109 (5th Cir. 1973); *Walker v. Caldwell*, 476 F.2d 213–15, 16, n.1 (5th Cir. 1973); *Turner v. Haynes*, 485 F.2d 183, 184 (4th Cir. 1973); *Mountjoy v. Swensen*, 306 F.Supp. 379, 384–85 (W.D.Mo.1969); *State v. Elliott*, 192 Neb. 217, 219 N.W.2d 775, 776 (1974); *State v. Darling*, 109 Ariz. 148, 506 P.2d 1042, 1046 (1973); *Merrill v. State*, 206 N.W.2d 828, 829–31 (S.D.1973).

Certainly this is not the preferred way of handling guilty pleas. If a better record had been made when the plea was taken, our present task would have been avoided or, at least, made easier. We agree with this statement from *State v. Darling*, 109 Ariz. 148, 506 P.2d at 1046:

"Of course, the only way that the trial court may be sure that the Poykin re-

quirements are met is for the trial court to interrogate the defendant at the same time the plea of guilty is tendered. That this court may, on appeal, look further than the reporter's transcript made at the time the plea of guilty was entered to determine whether the extended record supports the fact that defendant did know what Boykin requires that he knows, does not relieve the trial court nor the attorneys of the responsibility of seeing that there is no confusion in this regard. *Neither does this relieve counsel of the responsibility of seeing to it that the Boykin requirements are met before a plea of guilty is accepted.*" (Emphasis supplied)

The italicized portion of the foregoing quotation points up another problem which we find it necessary to mention again. We have referred to the responsibility of counsel—both for the state and the defendant—in this connection several times. *State v. Reaves*, 254 N.W.2d at 494; *State v. Frazier*, 232 N.W.2d 480, 482 (Iowa 1975); *State v. Williams*, 224 N.W.2d 17, 19 (Iowa 1974). *See also People v. Jaworski*, 387 Mich. 21, 33, 194 N.W.2d 868, 873 (1972).

It is incredible that almost ten years after *State v. Sisco* was decided we are still beset with repeated appeals dealing with procedural disregard of the principles there set out. It would appear the proper procedure for taking pleas would long since have been perfected. There is rarely an excuse for failure to observe those rules, and we look with increasing disfavor on the reasons which make such appeals necessary.

■ Nevertheless, if the accused actually knew all he had to know when his plea was taken, there is no sound reason for vacating the plea because this fact was imperfectly recorded. He has no constitutional or statutory right to such a windfall.

■ In the present case the testimony of the attorney who represented plaintiff during the plea stage discloses plaintiff was carefully advised concerning the elements of the offense and that he understood what the state must prove to convict." He was advised, too, concerning the possible sentences to which he was subject. It also appears clear the plea was a voluntary one.

We have considered plaintiff's objections in the light of the entire record before us, including the transcript of evidence at the postconviction hearing, and we are satisfied the plea should not be set aside.

AFFIRMED.

REES, UHLENHOPP, and HARRIS, JJ., concur.

MASON, J., REYNOLDSON, C. J., and McCORMICK, J., dissent.

ALLBEE and McGIVERIN, JJ., take no part.

MASON, Justice (serving after June 14, 1978, by special assignment), dissenting.

Plaintiff, Doren S. Adams, based his claim for relief in this postconviction proceeding upon the contention the trial court failed to make a determination his tendered guilty plea was voluntary, intelligent and accurate before accepting it.

The majority recognizes that the resolution of the question whether Adams' guilty plea was voluntarily tendered depends on whether testimony at the postconviction hearing may supply deficiencies in the record made at the plea-stage. Since I cannot agree with the majority's resolution of the question, I dissent.

In my opinion, unless the record in the original plea proceeding affirmatively shows the plea was voluntary and intelligent, the accused must be permitted to plead anew.

A plea of guilty in order to provide the basis for conviction and support a judgment and sentence must be a voluntary and intelligent act done with actual knowledge of the existence and meaning of the constitutional rights involved and with full understanding of the nature of the charge made against him and the direct consequences of the plea. *State v. Reppert*, 215 N.W.2d 302, 304 (Iowa 1974).

Notwithstanding the acceptance of a plea of guilty, the court should not enter a judg-

ment upon such plea without making such inquiry as may satisfy it that there is a factual basis for the plea. *Ryan v. Iowa State Penitentiary, Ft. Madison*, 218 N.W.2d 616, 620 (Iowa 1974).

A trial judge has a duty to determine that a tendered guilty plea is voluntary, intelligent and accurate before accepting it. *State v. Reed*, 252 N.W.2d 454, 455 (Iowa 1977).

The determination of defendant's understanding of the charge has two aspects. The judge must explain the charge to the defendant, and he must inquire into defendant's understanding of it. *State v. Brown*, 262 N.W.2d 557, 561 (Iowa 1978).

In *McCarthy v. United States*, 394 U.S. 459, 470, 89 S.Ct. 1166, 1173, 22 L.Ed.2d 418, 427, the Court said, "There is no adequate substitute for demonstrati[on] in the record *at the [same] time the plea is entered* the defendant's understanding of the nature of the charge against him." (Emphasis supplied). We adopted this principle in *State v. Reppert*, 215 N.W.2d at 306.

In the present case counsel for Adams at the plea stage was called as a witness in the postconviction proceeding. The State asked defense counsel: "Now, did you discuss or do you think that there is a high probability that you discussed with Doren the terms—with discussing the elements of the offense, the possible consequences of pleading guilty?" He answered, "In all truthfulness, I do not remember the incident where we discussed it. Now, it is a practice of mine, of course, when we first examine the charge, determine what type of charge it is, how heavy the penalty is."

Defense counsel further testified that he could not say he had ever neglected in his practice to tell the accused what the penalties were but he did not recall any case where he had failed to do so.

The majority relies in this collateral proceeding upon the "murky memory" of defense counsel, a hazard warned against in *Boykin v. Alabama*, 395 U.S. 238, 244, 89 S.Ct. 1709, 1713, 23 L.Ed.2d 274, 280, and pointed out again in the dissent in *Reaves*, 254 N.W.2d at 511.

In light of the pronouncements in *McCarthy* and *Boykin* I would hold the introduction of extrinsic evidence in a collateral attack proceeding to enable the state to meet its burden to prove the accused's plea was voluntary and intelligent should be precluded.

In my view the majority in *State v. Reaves* has brought about the very situation in the present case which was warned against in the dissent in *Reaves*.

I would reverse the conviction in the present case and remand to permit plaintiff to plead anew.

REYNOLDSON, C. J., and McCORMICK, J., join in this dissent.