STATE of Iowa, Appellee,

v.

James Roger CLAYTON, Appellant.

No. 56337.

Supreme Court of Iowa.

April 24, 1974.

Frank M. Krohn, Newton, for appellant.

Richard C. Turner, Atty. Gen., Thomas D. McGrane, Asst. Atty. Gen., Dennis Chalupa, Jasper County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, LeGRAND, REYNOLDSON and HARRIS, JJ.

MASON, Justice.

This is another of the numerous cases coming to this court in which the constitutional validity of guilty pleas is challenged.

James Roger Clayton was charged by county attorney's information with escaping on or about February 15, 1972, from the Riverview Release Center in violation of section 745.1, The Code. March 13 defendant appeared in district court and after a determination that he was without funds to employ counsel, attorney Eugene Knopf was appointed by the court to represent him. Defendant was thereafter formally arraigned and upon request was granted time before entering a plea.

March 20 defendant appeared in court with his attorney and tendered a plea of guilty to the charge of escape. The court then thoroughly questioned and advised defendant pursuant to the standards for accepting a guilty plea set out in State v. Sisco, 169 N.W.2d 542 (Iowa 1969), a practice we strongly urge other trial courts to follow in making the constitutionally required determination that a defendant's guilty plea was understandingly and voluntarily made.

In *Sisco* this court pointed out that the trial court's interrogation need not follow a ritualistic or rigid formula. However, in a special concurring opinion in State v. Bledsoe, 200 N.W.2d 529, 531–532 (Iowa 1972), attention was called to this statement from McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418: " * * * The more meticulously the Rule is adhered to, the more it tends to discourage, or at least to enable more expeditious disposition of, the numerous and often frivolous post-conviction attacks on the constitutional validity of guilty pleas." Failure of the trial court to follow the *Sisco* standards has resulted in reversals of convictions which would not have been otherwise required if there had been closer adherence to those guidelines.

The trial court in the present case, after determining that Clayton's guilty plea was a voluntary and intelligent act done with actual knowledge of the existence and meaning of his constitutional rights involved and with full understanding of the charge made against him and the direct consequences of the plea and being satisfied there was a factual basis for the plea, accepted defendant's tendered plea.

Defendant asked the court to pronounce sentence. After hearing the county attorney's recommendation, the statement of defendant's attorney and granting defendant the right of allocution the court sentenced defendant to the men's reformatory at Anamosa for a term of two years to commence after the expiration of the term of defendant's previous sentence which he was then serving.

After pronouncement of sentence trial court stated to defendant: "The Court will advise you also at this time that from this sentence you have the right of appeal to the Supreme Court of Iowa, but if you do this, you have to prepare a written notice of appeal which should be signed by you or your lawyer, and addressed to the County Attorney of Jasper County, Iowa and served upon him as an original notice within 60 days after this date. So, if you intend to appeal, please see that this notice is prepared because, otherwise the law is that you have waived your right to appeal and a review of the sentence just now handed down.

"If you decide that you do want to appeal, and are without funds for that purpose, the Court will continue the appointment of Mr. Knopf to prosecute the appeal for you, or appoint other counsel that you choose and will furnish you with a transcript of the proceedings that have taken place in your case here and the county will provide funds for the printing of the record and brief and arguments that would relate to your appeal and the prosecution thereof."

March 21 a mittimus was issued to the Jasper County sheriff commanding him to deliver the body of defendant to the men's reformatory. The sheriff's return of service of the mittimus was filed March 24.

Nothing further occurred in the case until November 28, 1972, when there was filed in the clerk's office of the Jasper district court an instrument entitled "Appeal of Judgment and Sentence." A "Pauper's Oath" alleging lack of funds to pursue an appeal was filed the same day. Neither the State nor the Jasper County attorney was served with notice of appeal at this time.

December 6 the court appointed attorney Frank M. Krohn to represent Clayton in this matter.

A second notice of appeal was served on the assistant county attorney for Jasper County on April 12, 1973. This notice of appeal and evidence of service on the assistant county attorney were filed in Jasper County district court on April 18, 1973.

No further proceedings took place in district court.

Chapter 793, The Code, governs appeals in criminal cases. Section 793.2, The Code, 1971, states: "Time of taking—from final judgment only. An appeal can only be taken from the final judgment, and within sixty days thereafter."

■ The final judgment in a criminal case means sentence. The sentence is the judgment. State v. Klinger, 259 Iowa 381, 383, 144 N.W.2d 150, 151; State v. Coughlin, 200 N.W.2d 525, 526 (Iowa 1972).

■■ The judgment sentencing the defendant in the case before us was filed March 21, 1972. The first attempt to take and perfect appeal was made too late. Furthermore, appeal in a criminal case cannot be taken and perfected by filing notice of appeal with the clerk of court. State v. Birchall, 260 Iowa 756, 757, 150 N.W.2d 715, 716; State v. McCune, 259 Iowa 386, 144 N.W.2d 401. Section 793.4 provides for the manner of taking and perfecting an appeal:

"An appeal is taken and perfected by the party or his attorney serving on the adverse party or his attorney of record in the district court at the time of the rendition of the judgment, a notice in writing of the taking of the appeal, and filing the same with such clerk, with evidence of service thereof endorsed thereon or annexed thereto."

■ Compliance with the foregoing section is jurisdictional. Failure to observe its terms requires a dismissal. State v. Horsey, 176 N.W.2d 769, 770–771 (Iowa 1970) and authorities cited.

The second attempt to appeal, like the first, was not taken and perfected within the statutory period of 60 days. For this additional reason this court has no jurisdiction to entertain the appeal. State v. Spillane, 260 Iowa 779, 781, 150 N.W.2d 595, 596.

Appeal dismissed.