STATE of Iowa, Appellee,

v.

Christopher Thure GILLESPIE,
Appellant.

No. 61927.

Supreme Court of Iowa.

Nov. 22, 1978.

Harold J. DeLange II, of Wehr & De-Lange, Davenport, for appellant.

Richard C. Turner, Atty. Gen., and Elizabeth Shaw, County Atty., for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, McCORMICK, McGIVERIN and LARSON, JJ.

McGIVERIN, Justice.

Defendant Christopher Thure Gillespie appeals from an order denying his motion in arrest of judgment after sentencing following his guilty plea for robbery without aggravation in violation of Section 711.3, The Code, 1977. He contends he was deprived of due process of law because the trial court did not obtain an affirmative showing on the record that he understood the nature of the charge and the law as applied to the facts in the case before accepting his guilty plea. We affirm the trial court.

Defendant was charged by county attorney's information with robbery with aggravation. The information alleged that he robbed Bill Meyers or did aid and abet another person in the commission of the offense. Defendant appeared in court with counsel and entered a plea of guilty to the lesser included offense of robbery without aggravation.

Before accepting the guilty plea, the trial judge ascertained defendant was age 24, had a tenth grade education, and could read and write English. The court also instructed defendant on the essential elements of robbery without aggravation, the rights he would waive by pleading guilty, and the

sentence prescribed by law. Defendant stated he understood these matters. A factual basis was developed which showed defendant knowingly drove the get-away car while a juvenile, armed with a knife, robbed a grocery store operated by Mr. Meyers. Defendant also told the court his version of the facts which substantiated a factual basis for the plea based on a theory that defendant aided and abetted another person in committing the robbery. The court did not discuss the law of aiding and abetting with defendant as it applied to the robbery charge or facts of this case. Defendant's attorney, Doren Shifley, told the court he had carefully gone over all the evidence in the case, including a confession by defendant, and possible defenses, and concluded there was no reason that defendant should not plead guilty. He recommended that the court accept defendant's plea. Defendant stated he was satisfied with the services of his attorney and that the attorney had done everything defendant desired.

The court followed the substance of the recommended outline and made findings suggested in *Brainard v. State*, 222 N.W.2d 711, 722–723 (Iowa 1974) in taking the guilty plea.

On October 27, 1977 the court sentenced defendant to a prison term based on the guilty plea and conviction.

After changing court appointed counsel, defendant on December 21 filed a motion in arrest of judgment under Chapter 788, The Code, 1977, as required by our mandate in *State v. Reaves*, 254 N.W.2d 488, 493 (Iowa 1977).

As relevant to this appeal, defendant in his motion claimed his guilty plea was illegal under *State v. Sisco*, 169 N.W.2d 542 (Iowa 1969) and *Brainard v. State*, and should be set aside.

At the February 15, 1978 hearing on the motion, defendant testified that no one ever explained to him he could be convicted of robbery without actually being the person committing the robbery, but instead being only an accomplice.

However, attorney Doren Shifley, testified at the hearing as follows:

THE COURT: . . . Did you discuss with the defendant the aiding and abetting situation under the law where he can be tried and convicted as a principal? A. Yes, your Honor . . . . .

Cross-examination by Mr. DeLange:
Q. Why did you review that with Mr. Gillespie, Mr. Shifley? A. Well, it was the basis of the whole case against him. Obviously, he didn't go in with the knife and try to hold Mr. Meyer. The only way that he could be held for this was aiding and abetting the other person, who I believe was seventeen years old at the time. That was the only basis for the State's case, and, of course, it revolved around—then, whatever case they had revolved around whether he was actually knowingly aiding and abetting or not, and it revolved around the confession. It revolved around the facts and circumstances as to his actions at the time in regards to leaving the scene—waiting with his car close to the store, leaving the scene with the co-defendant in his car, and then trying to outrun this pickup that was following them around the City of Davenport.
Q. You reviewed all of that with Chris? A. Yes.

On March 1, 1978 the court entered an order, detailed findings and conclusions, and denied the motion. The court specifically found that attorney Shifley fully and completely apprised defendant of the nature of the charge against him, including the consequences of aiding and abetting another participant in the crime.

On April 11, 1978 defendant filed notice of appeal from the judgment of the court and all orders and rulings prior to, during, and subsequent to defendant's guilty plea proceeding which are adverse to defendant. However, defendant's brief states his appeal is only taken from the March 1, 1978 order denying his motion in arrest of judgment. We treat the issues raised thereby accordingly.

I. *Jurisdiction of this appeal.* Preliminarily we are confronted with the issue of whether we have jurisdiction to entertain defendant's appeal.

Judgment of conviction and sentence were entered on October 27, 1977. Section 793.2 provides an "appeal can only be taken from the final judgment, and within sixty days thereafter." On December 21, 1977 defendant, following the *Reaves* prerequisite for an appeal challenging the adequacy of his guilty plea, filed a motion in arrest of judgment in the trial court instead of a timely notice of appeal to this court. The motion was set for hearing at a later time.

Defendant's notice of appeal, filed April 11, 1978 was within 60 days after the March 1 order overruling his motion in arrest of judgment. However, the appeal was not filed within 60 days after the October 27, 1977 judgment and sentence.

Should defendant be deprived of a right of appeal due to the delay necessitated by following the procedural requirement of *Reaves* and awaiting ruling thereon? Some assistance on this problem is found in *State v. Hellickson*, 162 N.W.2d 390, 392–393 (Iowa 1968) where the state moved to dismiss an appeal on the ground an adjudication on a motion in arrest of judgment was not an appealable order.

Although in the guilty plea proceeding that defendant claimed there had been no threats or promises to induce his plea, in his motion in arrest he claimed promises had induced the plea. There we said:

> Actually, the issue here presented is whether an appeal lies from a post-sentence arrest of judgment order.
>
> . . . Furthermore no appeal lies from an order denying an arrest of judgment motion on a ground which could have been reviewed on appeal from the judgment. . . .
>
> In the instant case defendant chose not to appeal from sentence, electing to exercise his statutory right to later seek arrest of judgment upon the premise his guilty plea was not knowingly and voluntarily entered. This, if true, did not appear on the record. Id. at 392–393.

We again note that Gillespie, in contrast to the defendant in *Hellickson*, was mandated by the *Reaves* requirement to file a motion in arrest and did not have the initial option to file an appeal.

After recognizing the general rule to be that an order entered upon a motion in arrest of judgment is not appealable, in *State v. Hellickson*, 162 N.W.2d 393, we subscribed to an exception to the general rule and stated:

> This inferentially means a defendant may, by motion in arrest of judgment, with the aid of extrinsic evidence, establish a violation of constitutional or fundamental rights which are not apparent but inhere in the whole record, as a result of which no legal judgment could be pronounced.

Section 793.2 was interpreted by *State v. Clayton*, 217 N.W.2d 685, 687 (Iowa 1974) where we stated: "The final judgment in a criminal case means sentence. The sentence is the judgment." In that case the defendant did not attempt to file an appeal until eight months after sentencing. *Clayton* did not cite or involve the exception that *State v. Hellickson* carved out for a ruling on motion in arrest.

We believe in view of the requirement of *Reaves*, that a defendant desiring to challenge the adequacy of his guilty plea proceeding must first file a motion in arrest of judgment in the trial court and receive ruling thereon, an appeal under Section 793.2 is valid if filed within 60 days of an adverse ruling on the motion. For that purpose and under that circumstance, an adverse ruling on the motion in arrest of judgment filed under Chapter 788 is a final judgment under Section 793.2, 1977 Code.

We hold that we have jurisdiction to entertain defendant's appeal under the record in this case.

II. *The motion in arrest of judgment.* We turn now to the issue raised by defendant. In substance he claims he was deprived of due process of law because trial court failed to discuss the law of aiding and abetting with him and obtain an affirmative showing on the record that defendant understood that aspect of the law at the time his guilty plea was taken.

The record amply shows that defendant's attorney had fully explained the law relative to aiding and abetting to defendant prior to defendant's guilty plea. Cf. *State v. Reppert*, 215 N.W.2d 302, 306 (Iowa 1974) (At the guilty plea taking, defendant told the court he understood the penalty for one of the charges against him.). In this regard counsel was discharging his duty in advising his client and to the court as contemplated in *State v. Reaves*, 254 N.W.2d at 494; *State v. Williams*, 224 N.W.2d 17, 19 (Iowa 1974). We hold that the record made at the hearing on the motion in arrest can be used to supply a deficiency in the record made at the time of the taking of the guilty plea relative to the law of aiding and abetting. *Adams v. State*, 269 N.W.2d 442, 444–445 (Iowa 1978), and authorities cited therein.

From the entire record made at the plea taking and the hearing on motion in arrest we are satisfied that defendant knew and understood the essential elements of the crime of robbery and the law of aiding and abetting as it applied to him at the time he plead guilty. His plea was voluntary and in accord with due process of law. *State v. Rand*, 268 N.W.2d 642, 646 (Iowa 1978).

The trial court was correct in denying defendant's motion in arrest of judgment.

The case is—AFFIRMED.

All Justices concur except McCORMICK, J., who concurs specially.

McCORMICK, Justice (concurring specially).

Although I adhere to the views expressed in the dissent in *Adams v. State*, 269 N.W.2d 442 (Iowa 1978), I concur in the opinion in this case because the procedure used here is authorized under the majority holding in *Adams*.