**STATE of Iowa, Appellant,**

v.

**Venice (NMN) COOPER, Appellee.**

**No. 83–137.**

Supreme Court of Iowa.

Feb. 15, 1984.

Thomas J. Miller, Atty. Gen., Mary Jane Blink, Asst. Atty. Gen., James C. Bauch,

County Atty., and Theodore R. Stone, Asst. County Atty., for appellant.

Virginia Hollins Davidson, Asst. Public Defender, Waterloo, for appellee.

Considered by McGIVERIN, P.J., and LARSON, SCHULTZ, CARTER, and WOLLE, JJ.

LARSON, Justice.

Defendant Cooper was accused of theft of property not exceeding fifty dollars in value, a simple misdemeanor. Iowa Code § 714.2(5). Here, however, because of two prior convictions for theft, she was charged under section 714.2(3) (1983) which permits a charge of theft in the third degree, an aggravated misdemeanor, for theft "by one who has before been twice convicted of theft." The district court here found that at the time of both prior convictions, Cooper was indigent and not advised of her right to appointed counsel. On both occasions, the court had been advised the state was not seeking a jail sentence and fines were imposed.

In the district court, Cooper moved to dismiss, claiming that because her prior convictions were obtained without the benefit of counsel, the State was not permitted to use them to enhance the new charge. The district court agreed and dismissed the charge.[1] We affirm.

The State concedes that Cooper could not be sentenced to imprisonment where the sentence was based in part, as it would be here under the enhanced charge, on prior uncounseled convictions. *Baldasar v. Illinois*, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980). In *Baldasar*, a twenty-nine dollar theft offense was prosecuted as a felony under an enhancement statute because of a prior uncounseled misdemeanor theft conviction.. The Supreme Court overturned the felony judgment and sentence of imprisonment. The State contends, however, that *Baldasar* serves only to prevent incarceration on the present charge, that it does not void the charge or conviction.

We find that the reasoning of *Baldasar* and our own view of the importance of counsel preclude an enhanced conviction as well as a sentence of imprisonment. *People v. Rocha,* —— Colo. ——, ——, 650 P.2d 569, 570 (1982) (prior uncounseled traffic offenses cannot support a charge of habitual traffic offender; motion to suppress evidence of prior convictions granted); *State v. Nordstrom,* 331 N.W.2d 901, 903–905 (Minn.1983) (prior conviction for drunk driving obtained on a guilty plea without a valid waiver of counsel cannot convert a subsequent drunk driving offense into a gross misdemeanor under an enhancement statute); *People v. Dorn,* 105 Misc.2d 244, 431 N.Y.S.2d 974 (1980) (where defendant is not informed of his right to appointed counsel in prior drunk driving conviction, evidence of that conviction suppressed in subsequent enhanced charge proceeding following a second drunk driving arrest); *State v. Grenvik,* 291 Or. 99, 628 P.2d 1195 (1981) (prior uncounseled drunk driving conviction not permitted to enhance subsequent drunk driving charge; remanded for retrial on unenhanced charge). The lack of reliability in an uncounseled conviction that prevents the imposition of incarceration also prevents the enhancement of the charge. The penal consequences of an enhanced conviction include more than the sentencing option of imprisonment; fines, possibly even more enhanced charges, social stigma, potential loss of a job, and decreased employment prospects also result.

Further, if the State's reading of *Baldasar* was correct, that case should have been remanded for resentencing only. *See People v. Allen,* 118 Mich.App. 537, 546, 325 N.W.2d 485, 489 (1982).

AFFIRMED.

---

1. While the grounds urged for dismissal are not among those provided by Iowa R.Crim.P. 10(6) the state has raised no objection on that basis, and we treat the issue as one tried by consent.