STATE of Iowa, Appellee,

v.

Kevin Delon MOE, Appellant.

No. 84–1929.

Supreme Court of Iowa.

Dec. 18, 1985.

Charles L. Harrington, Appellate Defender, and Deborah A. Goins, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Ann DiDonato, Asst. Atty. Gen., Mary E. Richards, County Atty. and Paul Crawford, Asst. County Atty., for appellee.

WOLLE, Justice.

Defendant appeals from his conviction of second offense operating a motor vehicle while under the influence of intoxicants (OWI), an enhanced-punishment offense provided for in Iowa Code section 321.281 (1983). The trial court found that defendant's 1980 conviction of first offense OWI could be used to raise to second offense status his 1984 conviction of OWI, because defendant had validly waived his right to counsel before entering a plea of guilty in 1980. Defendant contends that his conviction of OWI in 1980 could not be used for enhancement purposes because it was based on an uncounseled plea of guilty. Defendant also contends that if an uncounseled plea can be used for enhancement purposes when there has been a valid waiver of the right to counsel, this record does not establish such a waiver. We find defendant's contentions without merit and affirm.

In 1980 the Story County attorney charged defendant by information with first offense OWI, a serious misdemeanor carrying possible incarceration of one year. Iowa Code § 321.281 (1979). Defendant appeared before the district court, engaged in a colloquy with the court concerning his constitutional rights, and tendered a guilty plea on which he was convicted.

In 1984 the county attorney charged defendant with another OWI offense, this time second offense OWI which is an aggravated misdemeanor carrying possible incarceration of two years and a minimum period of incarceration of seven days. Iowa Code § 321.281(2)(b) (1983). Defendant moved to strike the allegation of second offense OWI on the ground he was uncounseled in the first prosecution, but the court received evidence and then denied that motion. After a bench trial the trial court found defendant guilty of OWI based on the facts of the 1984 incident, then also found that the violation was a second offense because of the 1980 conviction. Defendant was sentenced to seven days in jail, required to perform 100 hours of community service, and assessed with court costs.

Defendant does not challenge his 1984 conviction of OWI but contends that the 1980 uncounseled guilty plea could not be used to raise it to second offense status. He contends no uncounseled plea of guilty can be used to enhance punishment, regardless whether the right to counsel was validly waived. Alternatively he contends that the record of the 1980 proceedings does not establish a valid waiver of counsel. We address first the question whether the absence of counsel in the 1980 proceeding was itself fatal to enhancement of the second OWI offense, regardless whether there was a valid waiver of counsel; we then address the question whether the defendant validly waived counsel in that 1980 proceeding.

I. Defendant's primary contention is that no uncounseled plea may be used to enhance punishment for a subsequent offense, regardless whether defendant validly waived counsel, because an uncounseled plea is fundamentally unreliable. On this issue defendant relies entirely on *State v. Cooper*, 343 N.W.2d 485 (Iowa 1984). There the indigent defendant Cooper had twice previously been convicted of theft without being represented by counsel or advised of her right to appointed counsel. When Cooper was again charged with theft, a simple misdemeanor in this instance because the value of the property did not exceed $50, the State sought conviction of the enhanced offense of theft in the third degree, an aggravated misdemeanor, for theft "by one who has before been twice convicted of theft." Iowa Code § 714.2(3) (1983). Our court affirmed dismissal of that enhanced charge. We based our decision on *Baldasar v. Illinois*, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), where the Court held that absent a waiver of counsel an uncounseled prior mis-

demeanor conviction could not be used to convert a subsequent misdemeanor into a felony carrying a prison term.

Defendant concedes that both *Baldasar* and *Cooper* involved defendants who had not been advised of their right to court-appointed counsel, so neither case reached the question whether uncounseled pleas could be used for enhancement purposes when the right to counsel had validly been waived. Defendant relies, however, on language in *Cooper* in which we emphasized the "lack of reliability in an uncounseled conviction" which would prevent both imposition of incarceration on the first charge and enhancement of a subsequent charge. *Cooper*, 343 N.W.2d at 486. Defendant urges us "to extend [*Cooper*] beyond the minimal requirement set by *Baldasar*," but we choose not to do so.

■ The constitutional right to counsel may be waived. *See Gideon v. Wainwright*, 372 U.S. 335, 339–40, 83 S.Ct. 792, 794, 9 L.Ed.2d 799, 802 (1963). When a defendant has validly waived the right to be represented by counsel, the defendant has not only given up a constitutional right but at the same time exercised another right of constitutional dimension, the right to represent oneself. *See Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562, (1975) (recognizing constitutional right to proceed without counsel upon voluntary election to do so); *State v. Simon*, 297 N.W.2d 206, 208 (Iowa 1980) (defendant's right of self representation not violated by appointment of attorney to provide him legal research). If we were to accept defendant's argument we would be countenancing anomalous results. First offense OWI defendants could simply exercise their constitutional right not to be represented by counsel and thus avoid conviction at a later time of second or third offense OWI because their prior convictions were in fact uncounseled.

Defendant's contention here was not spoken to in *Cooper*. Addressing it now, we hold that uncounseled prior convictions may be used for enhancement purposes in subsequent proceedings when the defendant validly has waived the right to counsel in the earlier proceedings.

II. In his reply brief defendant contends for the first time that he did not knowingly and voluntarily waive his right to counsel in the first OWI proceeding, therefore his plea of guilty and conviction in 1980 may not be used to enhance the 1984 OWI charge. Although there is serious doubt whether defendant challenged the validity of his waiver before the trial court in this proceeding so as to preserve error, we pass that question and address the merits of his argument.

■ Defendant stakes his claim of error on the unsatisfactory state of the record in the 1980 proceeding, contending that the trial court informed him only that counsel would be provided him at trial and not that he had the right to court-appointed counsel at the plea and sentencing stages of the proceeding. Defendant points to a contextual ambiguity in the transcript of the 1980 plea proceeding, arguing that the court advised him of his right to counsel only in the context of his right to a jury trial. The transcript of that colloquy reads:

Q. (The Court) You understand if you sit here now and tell me you want to plead not guilty, I will set this down for a trial and unless you waive jury trial, it will be a trial by jury and it will be a public trial and it will be within the next 90 days? A. (Defendant) I understand.

Q. *Do you understand an attorney would be provided for you at public expense if you are indigent? A. I understand.*

Q. Do you understand if you plead not guilty, you have a privilege against self-incrimination and you would not be required to testify at your trial? A. I understand.

(Emphasis added.)

In deciding whether defendant intelligently and voluntarily waived his right to be represented by counsel in that proceeding, we may properly consider more in this record than that part of the colloquy itself. The record made when testimony was tak-

en in this 1984 proceeding may be used to amplify the record made at the time of the taking of the guilty plea in 1980. *See State v. Gillespie,* 271 N.W.2d 686, 689 (Iowa 1978) (record made at hearing on motion in arrest of judgment can be used to supply a deficiency in guilty plea colloquy concerning elements of charged crime); *Adams v. State,* 269 N.W.2d 442, 445 (Iowa 1978) (testimony in postconviction proceeding may supply deficiency in record made at plea stage of proceeding). The United States Supreme Court has explained that the state may rely on extrinsic evidence to establish facts which are absent from the record of a plea proceeding itself. *See Carnley v. Cochran,* 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70, 77 (1962):

> Presuming waiver from a silent record is impermissible. *The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer.* Anything less is not waiver.

(Emphasis added.)

■ The record in this case—including not only the transcript of the first criminal proceeding but also testimony of the defendant in this second proceeding—shows that defendant knowingly and validly waived his right to counsel before pleading guilty to first offense OWI. We know from the transcript of the first proceeding—the colloquy between the court and defendant quoted above—that defendant understood before he pleaded guilty that an attorney would be provided for him at public expense if he were indigent. We also know he was advised of his many other constitutional rights, including his right to a jury trial. The entire colloquy was in the context not just of his rights in the event of a trial but what the court stated as a preface to the colloquy:

> *I won't accept your plea of guilty* unless I'm satisfied you're guilty and that you understand your rights under the law. To learn that, I'm going to ask you a series of questions.

(Emphasis added.) Any doubt as to whether defendant understood his right to court-appointed counsel only in the context of a right to counsel at trial, or in the broader context of the plea proceeding itself, is removed by the subsequent testimony of defendant on two separate occasions during the second proceeding when he contended his first conviction should not be used against him.

Put on the stand at the pretrial hearing on his motion to strike the second offense charge, defendant testified:

> Q. At the time you entered that plea [in the first proceeding], Mr. Moe, were you represented by counsel? A. No.
>
> Q. Were you aware that you had the right to have an attorney if you choose to have one? A. Yes.

Cross-examined, he further testified:

> Q. Mr. Moe, you said you were aware of your right to counsel back in 1980? A. Yes.
>
> Q. Yet you didn't have counsel? A. No, I didn't.
>
> Q. So I'm assuming you waived your right to counsel in 1980? A. Yeah.

Subsequently, defendant testified as follows during the bench trial on the second offense OWI charge:

> Q. You were informed of this right to an attorney before you proceeded with the guilty plea in 1980? A. Yeah, I would say so.
>
> . . . .
>
> Q. Mr. Moe, in September of 1980 you—knowing you had the right to an attorney you still decided to go ahead and plead guilty to the charge of operating while intoxicated? A. Yes.

■ In determining whether defendant's rights under the sixth and fourteenth amendments to the Constitution were violated by use of his uncounseled plea of guilty, and in ascertaining the facts surrounding his being informed about his right to counsel, we review de novo the totality of the circumstances in this record. *State v. Cullison,* 227 N.W.2d 121, 127 (Iowa 1975). From that review we con-

clude that defendant's plea of guilty in the first proceeding followed a knowing, voluntary waiver of his right to court-appointed counsel.

In *State v. Watts*, 186 N.W.2d 611 (Iowa 1971), the defendant contended that the record was not sufficient to show he had waived his right to counsel, because he had not specifically been told that if he were indigent an attorney would be appointed to represent him. We held sufficient to establish a valid waiver the defendant's negative response to a question whether he had an attorney or desired opportunity to confer with one. *Id.* at 618. The record before us here—the transcript from the first proceeding enhanced by defendant's testimony in the second proceeding—is clearer than that in *Watts* in establishing a valid waiver of the right to counsel.

The trial court did not err in finding that defendant's 1984 conviction of OWI constituted second offense OWI because of the 1980 OWI conviction.

AFFIRMED.

All Justices concur except REYNOLDSON, C.J., and UHLENHOPP and McCORMICK, JJ., who dissent.

UHLENHOPP, Justice (dissenting).

I. When I read the 1980 and 1984 proceedings together, I am not persuaded Moe knew in 1980 he was entitled to representation by counsel at the plea proceeding and was entitled to be represented by counsel whether he was indigent or not. The *only* statements on this subject in the 1980 proceeding were in the context of representation by counsel at *trial* if *indigent:*

Q. (The Court) You understand if you sit here now and tell me you want to plead not guilty, I will set this down for *trial* and unless you waive jury *trial*, it will be a *trial* by jury and it will be a public *trial* and it will be within the next 90 days? A. (Defendant) I understand.

Q. *Do you understand an attorney would be provided for you at public expense if you are indigent? A. I understand.*

Q. Do you understand if you plead not guilty, you have a privilege against self-incrimination and you would not be required to testify at your *trial?* A. I understand.

(Emphasis added.)

Moe testified in the 1984 proceeding as the majority have quoted, but he also testified:

Q. (Prosecutor) Mr. Moe, at that September 1980 event when you pled guilty to OWI first, did the Court tell you that you had the right to an attorney? A. (Defendant) Yeah, I think so. I believe so.

. . .

Q. Mr. Moe, when you pled guilty to OWI in September of 1980, did the Court tell you you had the right to an attorney? A. Four years is a long time to try to remember everything. To be absolutely positively sure, I could not say to be absolutely positive.

Q. Do you remember just before your attorney entered his objection I asked you the same question? A. Uh-huh.

Q. And do you remember what you said? A. Yeah.

Q. Are you saying that you remember that you were offered the right to an attorney? A. Not positively.

Q. To the best of your knowledge you think you were told you had the right to an attorney? A. Uh, huh.

. . .

Q. You were informed of this right to an attorney before you proceeded with the guilty plea in 1980? A. Yeah, I would say so.

. . .

Q. Mr. Moe, in September of 1980 you—knowing you had the right to an attorney you still decided to go ahead and plead guilty to the charge of operating while intoxicated? A. Yes.

When Moe gave this testimony and the other testimony from the 1984 proceeding that the majority quote, was he testifying in reference to the only statement which

appears in the 1980 proceeding regarding counsel, the statement in the context of counsel at *trial* if *indigent?* The record is bereft of any other information regarding right to counsel given to him in the 1980 proceeding.

We have no such showing here as in *Adams v. State,* 269 N.W.2d 442, 445 (Iowa 1978) ("In the present case the testimony of the attorney who represented plaintiff during the plea stage discloses plaintiff was carefully advised concerning the elements of the offense and that he understood what the state must prove to convict."). Nor do we have a showing as in *State v. Gillespie,* 271 N.W.2d 686, 687 (Iowa 1978) ("However, attorney Doren Shifley, testified at the hearing as follows: 'THE COURT:... Did you discuss with the defendant the aiding and abetting situation under the law where he can be tried and convicted as a principal? A. Yes, your Honor.' ").

I am not persuaded by the present unsatisfactory record that in the 1980 proceeding Moe knew he was entitled to counsel at the plea stage and was so entitled whether indigent or not. I would hold that a voluntary and intelligent waiver does not appear, and would reverse and remand for imposition of sentence for first offense.

REYNOLDSON, C.J., and McCORMICK, J., join this dissent.