STATE of Iowa, Appellee,

v.

Garry Lee GROGAN, Appellant.

No. 85–796.

Supreme Court of Iowa.

April 16, 1986.

Charles L. Harrington, Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Lona Hansen, Asst. Atty. Gen., and John E. Schroeder, Co. Atty., for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McGIVERIN, CARTER, and LAVORATO, JJ.

CARTER, Justice.

The defendant, Garry Lee Grogan, pleaded guilty on February 19, 1985, to a charge of OWI, first offense, in violation of Iowa Code section 321.281 (1983). At sentencing, defendant admitted that, although the current conviction was for a first-offense violation, he had in fact been convicted twice previously for OWI charges. The first of these convictions occurred on March 17, 1981, and the second on February 8, 1982 (second offense). As a result of this concession, the district court imposed the six-year revocation of defendant's operator's license required by Iowa Code section 321.281(9)(a) (1983), which provides in part:

Upon a plea ... of guilty of a third or subsequent violation of this section, the court in which the plea was entered ... shall order that the defendant's license or permit to operate motor vehicles be revoked by the department and that the defendant shall remain ineligible for a new license or permit for a period of six years.

It appears without dispute and was made part of the record at defendant's sentencing proceedings that the first two OWI convictions relied upon by the district court in imposing the six-year revocation were pursuant to guilty pleas at which defendant was not represented by counsel. He urges that, because these convictions were without assistance of counsel, they are sufficiently lacking in reliability that they may not be utilized for purposes of imposing the six-year revocation specified in section 321.-

281(9)(a). We disagree with this contention.

In the application of the standards imposed by the sixth amendment to the federal constitution, the consequences of an uncounseled conviction have not been considered to automatically erase the offense. *Scott v. Illinois,* 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979) holds that the absence of counsel only precludes imposition of a prison sentence as a result of the uncounseled conviction. We expanded the *Scott* doctrine somewhat in *State v. Cooper,* 343 N.W.2d 485, 486 (Iowa 1984) by holding that, regardless of whether there is an imposition of a prison sentence, an uncounseled conviction may not, in the absence of a valid waiver, be used to enhance a subsequent criminal violation. Our language in *Cooper,* however, was clearly limited to the *penal* consequences of the uncounseled plea. In *State v. Moe,* 379 N.W.2d 347, 349 (Iowa 1985), we recognized that, where a valid waiver of the right to counsel has been shown, an uncounseled conviction may be used to enhance a subsequent offense.

The issue presented in the present case is clearly one of statutory interpretation. We have previously characterized driver's license revocations imposed as part of a judgment of conviction in a criminal case as akin to administrative revocations. *State v. Pettit,* 360 N.W.2d 833, 836 (Iowa 1985). We cannot agree that the legislature, in requiring a six-year revocation for a third "violation" of section 321.281, did not intend this sanction to apply to violations evidenced by uncounseled pleas of guilty where no successful collateral attack has been mounted on the previous conviction. Courts in other states have rejected similar claims in construing analogous license revocation statutes. *See State v. Sanchez,* 110 Ariz. 214, 216–17, 516 P.2d 1226, 1228–29 (1973); *State v. Love,* 312 So.2d 675, 677–78 (La.App.1975). The district court did not err in imposing the six-year license revocation.

AFFIRMED.