STATE of Iowa, Appellant,

v.

Karen J. WILKINS, Appellee.

No. 03–0476.

Supreme Court of Iowa.

Aug. 11, 2004.

Rehearing Denied Oct. 1, 2004.

Thomas J. Miller, Attorney General, Darrel Mullins, Assistant Attorney General, and Michael L. Wolf, County Attorney, for appellant.

John J. Wolfe, Clinton, for appellee.

PER CURIAM.

This is an appeal by the State challenging the district court's refusal to consider a prior uncounseled OWI conviction for purposes of supporting an offense of third-offense OWI.[1] The defendant, Karen L. Wilkins, cross-appeals, challenging the revocation of her driving privileges. After reviewing the record and considering the arguments presented, we reverse the district court on the State's appeal and affirm that court on Wilkins' appeal.

Wilkins was charged with third-offense OWI after a chemical test of her breath imposed pursuant to the implied-consent law revealed an alcohol concentration of .135. As a predicate for a conviction of OWI, third-offense, it was alleged that she had been twice previously convicted of OWI. Wilkins initially pleaded guilty to OWI, third-offense. However, prior to the imposition of sentence, she successfully challenged the degree of that offense on the basis that she was proceeding without counsel at the time of one of her former OWI convictions for which she was granted a deferred judgment. Her conviction in the present case was accordingly reduced to OWI, second offense.

In challenging the district court's refusal to consider Wilkins' uncounseled OWI conviction as a basis for enhancing her latest offense, the State urges that, under current federal Sixth Amendment law, prior uncounseled convictions are only invalid for enhancing a later offense or sentence if imprisonment was actually imposed in the

prosecution in which the uncounseled conviction was obtained. It premises this contention on the decision of the Supreme Court in *Nichols v. United States*, 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994). There, the Court determined that an enhancement of a sentence based on prior uncounseled misdemeanor convictions does not violate the Sixth Amendment unless the prior uncounseled offenses actually resulted in imprisonment. *Nichols*, 511 U.S. at 746–47, 114 S.Ct. at 1927, 128 L.Ed.2d at 754. The *Nichols* majority overruled a prior plurality decision in *Baldasar v. Illinois*, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980). We recognized that result in *State v. Tovar*, 656 N.W.2d 112, 114 (Iowa 2003). The State contends that, because Wilkins received a deferred judgment in regard to her uncounseled guilty plea, there was never any actual incarceration on which to premise a Sixth Amendment claim.

## I. *The Continuing Viability of* State v. Cooper.

■ This court accepted the *Baldasar* plurality opinion in *State v. Cooper*, 343 N.W.2d 485, 486 (Iowa 1984), stating that "the reasoning of *Baldasar* and our own view of the importance of counsel" dictated that two prior uncounseled convictions could not be used to enhance a theft conviction to theft in the third degree. By implication, we adhered to the view of the *Baldasar* plurality that this rule applies to any conviction in which imprisonment might be imposed. We are now asked to follow the *Nichols* decision and recognize that uncounseled misdemeanor convictions are not invalid for enhancement purposes unless imprisonment was actually imposed for the uncounseled conviction.

1. Because the dispositive ruling was an order sustaining Wilkins' motion in arrest of judgment, the State may appeal as of right pursuant to Iowa Code section 814.5(1)(c) (2001).

Wilkins argues that, because the result in our *Cooper* case was premised in part on "our own view of the importance of counsel," *see* 343 N.W.2d at 486, we should continue to follow that precedent. We disagree. *Cooper* was commenting on an interpretation of the Sixth Amendment of the federal constitution in which only four justices joined. Consequently, we believe that the reference to our view of the matter was intended as an affirmation of the view of the Sixth Amendment expressed by the justices in the Supreme Court's plurality opinion.[2] That view of the federal constitution has now been unambiguously rejected in *Nichols*. We are therefore not at liberty to continue to follow our holding in *Cooper*. Because Wilkins was not imprisoned with respect to her prior misdemeanor conviction, her motion based on a denial of counsel should have been rejected.

■ Although Wilkins attempts, for the first time on appeal, to assert a violation of the state constitution, that issue was not raised in the district court. Wilkins' motion to reduce her conviction from third-offense OWI to second-offense OWI was expressly premised on the Sixth Amendment. No state constitutional claim was made. Consequently, we will not consider that issue on appeal.

## II. *Waiver and Double Jeopardy.*

■ Wilkins urges that, because the county attorney filed an amended charge of second-offense OWI following the district court's ruling, to which he ultimately pled guilty, the State has waived the issue argued on this appeal. In the alternative, she contends that the protection against double jeopardy precludes reinstatement of the original conviction and sentence for OWI, third offense. We reject both of these contentions.

The county attorney's action in filing the amended charge was not voluntary because it was the product of the court's erroneous ruling in setting aside Wilkins' original conviction. *See State v. Raim*, 381 N.W.2d 635, 637 (Iowa 1986). Nor is the protection against double jeopardy implicated in regard to our reinstatement of the original conviction and sentence. This has been a single criminal proceeding involving the substitution of an erroneous judgment for a prior correct judgment and an appellate review correcting that error. *See State v. Pexa*, 574 N.W.2d 344, 347 (Iowa 1998). Our action is similar to the procedure that was sustained against a double-jeopardy challenge in *State v. Iowa District Court*, 464 N.W.2d 233, 236 (Iowa 1990).

## III. *The Cross–Appeal.*

■ Wilkins cross-appeals, asserting that the district court improperly imposed a six-year revocation of her driving privileges pursuant to Iowa Code section 321J.4(4). The arguments presented in support of this contention were rejected in *State v. Grogan*, 385 N.W.2d 254, 255 (Iowa 1986), which held that the statutory six-year revocation is properly imposed irrespective of whether the prior convictions on which it was based resulted from uncounseled pleas of guilty. We continue to adhere to that view.

We have considered all issues presented and conclude that the judgment of the district court should be reversed on the State's appeal and the matter remanded to the district court for reinstatement of Wilkins' conviction for third-offense OWI upon her plea of guilty. Any lesser conviction and sentence that has been imposed

---

2. In the subsequent decision of *State v. Moe*, 379 N.W.2d 347, 349 (Iowa 1985), we viewed the decision in *Cooper* as an application of the federal Sixth Amendment.

for the offense should be rescinded. The order of the district court revoking Wilkins' driving privileges is affirmed.

**REVERSED AND REMANDED ON THE STATE'S APPEAL; AFFIRMED ON DEFENDANT'S APPEAL.**